UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Edward E. Kopko, Lawyer, P.C.
308 North Tioga St., Second Floor
Ithaca, New York 14850
607.269.1300; 607.269.1301 fax
office@kopko.law

| | |
|---|---|
| EDWARD E. KOPKO,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORY CAPITAL MANAGEMENT, INC.,<br><br>Defendant. | Index No. 3:23-cv-00906-DNH-ML |

**COMPLAINT**

EDWARD E. KOPKO, complains against VICTORY CAPITAL MANAGEMENT, INC., upon claims stated as follows:

**NATURE OF THE ACTION**

Victory Capital Management, Inc. (Victory Capital) is a securities firm that has restrained and converted the SEP account of Edward E. Kopko (Kopko) without legal justification and refuses to release the account after demand. Kopko seeks a preliminary injunction ordering the release of the account and monetary damages paid to Kopko.

**FACTS COMMON TO ALL CLAIMS**

1. Edward Kopko (Kopko) is an adult residing in Tompkins County.

2. Victory Capital Management, Inc. (Victory Capital) is a securities investment business licensed and regulated by the Securities Exchange Commission and operates in New York State.

3. Kopko established an IRS-approved, individually owned, Simplified Employee Pension Plan (SEP) with United Service Automobile Association (USAA) and USAA transferred the SEP to Victory Capital.

4. Upon receipt of the USAA funds owned by Kopko, Victory Capital established an account individually owned by Kopko, account number ending in 31.

5. On August 9, 2019, James R. Miller (Miller), representing Kimberly Kopko (Kimberly), the Plaintiff, filed a divorce complaint titled *Kimberly A. Kopko v. Edward E. Kopko* in Tompkins County naming Kopko as a defendant and attaching Automatic Orders as provided by the New York Domestic Relations Law § 236(B)(2) and the New York Code of Rules and Regulations § 22CRR-New York 202.16-a.

6. Following the filing of the divorce complaint, Miller, with the knowledge and consent of Kimberly, and while acting in concert, caused a copy of the divorce complaint and Automatic Orders to be delivered to Victory Capitol.

7. Upon receipt of the divorce Complaint and Automatic Orders delivered by Miller, Victory Capital restrained the SEP account of Kopko, prohibiting Kopko from withdrawing funds from the SEP.

8. Neither Kimberly, Miller, nor Victory Capital told Kopko that Victory Capital had restrained the SEP account pursuant to the action of Miller.

9. The New York Domestic Relations Law, § 236(B)(2)(b) states in relevant part:

    b. With respect to matrimonial actions which commence on or after the effective date of this paragraph, the plaintiff shall cause to be served upon the defendant, simultaneous with the service of the summons, a copy of the automatic orders set forth in this paragraph. The automatic orders shall be binding upon the plaintiff in a matrimonial action immediately upon the filing of the summons, or summons and complaint, and upon the defendant immediately upon the service of the automatic orders with the summons. The automatic orders shall remain in full force and effect during the pendency of the action unless terminated, modified, or amended by further order of the court upon motion of either of the parties or upon written agreement between the parties duly executed and acknowledged.

10. By this provision, Automatic Orders are expressly and unambiguously binding only on the plaintiff and defendant, and Automatic Orders are not binding on Victory Capital.

11. Yet, upon receipt of the Automatic Orders, Victory Capital restrained Kopko's SEP and continues to restrain the SEP after the termination of the divorce action and after the demand.

12. Pursuant to the New York Domestic Relations Law, § 235, all of the proceedings of the *Kopko v. Kopko* divorce were confidential as a matter of law, including the divorce complaint and the automatic orders.

13. Miller, as Kimberly's agent, violated § 235 by sending the confidential divorce complaint and Automatic Orders to Victory Capital.

14. The parties to the divorce action entered into a Confidentiality Agreement filed on February 25, 2021, that deemed the documents in the divorce action to be confidential.

15. Miller, as Kimberly's agent, violated the terms of the Confidentiality Agreement by disclosing the divorce complaint to Victory Capital.

16. When Victory Capital received a copy of the automatic orders, Victory Capital recklessly and maliciously restrained the account of Kopko without legal justification.

17. If Victory Capital had consulted reputable legal resources readily available to Victory Capital, Victory Capital would have known the restraint was improper.

18. Victory Capital should have immediately returned the divorce complaint and Automatic Orders to Kopko, without restraining the SEP account.

19. The New York Exempt Income Protect Act, CPLR § 5205, prohibits Victory Capital from restraining the SEP, a protected, exempt account.

20. The purpose of CPLR 5205, part of the Exempt Income Protection Act is to "protect persons with exempt funds in their bank accounts from unlawful restraint." *Jackson v. Bank of America*, 40 Misc. 3rd. 949, 950 and see also *Midland Funding LLC v. Singleton*, 34 Misc. 3rd 798, 800.

21. Pursuant to relevant sections of the Internal Revenue Code, Kopko is required to make Required Minimum Distributions (RMDs) from the SEP account.

22. The restraint upon the SEP account has prohibited Kopko from making RMDs, exposing Kopko to penalties and interest imposed by the Internal Revenue Service, including a 50% excise tax on the undistributed remaining SEP account.

23. Victory Capital illegally restrained the SEP, converting the SEP account to Victory Capital property, and deprived Kopko of the use and benefit of the SEP account.

24. Victory Capital illegally restrained the SEP account, depriving Kopko of the use and the benefit of the SEP account to refinance the mortgage on real property, and has deprived Kopko of other real estate investment opportunities because of the restraint upon the SEP account, all of which require Kopko to pay higher interest rates.

25. Victory Capital illegally restrained the SEP account, requiring Kopko to liquidate another lucrative investment of Apple stock and causing Kopko to incur substantial capital gains tax liability and depriving Kopko of the appreciation of Apple stock.

26. Victory Capital invested the SEP, and any profits are ill-begotten gains to Victory Capital that must be disgorged.

27. Victory Capital is subject to the Securities Exchange Act of 1934 (Act), and Victory Capital violated the Act, 15 U.S.C. §§ 80a-2, 80a-22 by restraining the SEP and refusing to redeem the SEP after demand.

## COUNT ONE
## Edward E. Kopko v. Victory Capital
## BREACH OF CONTRACT

28. All of the allegations contained herein are incorporated.

29. Victory Capital breached the investment contract with Kopko by restraining the SEP.

30. Kopko incurred damages, the amount of which can only be determined after IRS assessments and penalties.

## COUNT TWO
## Edward E. Kopko v. Victory Capital
## CONVERSION

31. All of the allegations contained herein are incorporated.

32. Victory Capital received possession of funds belonging to Kopko and thereafter, without authority, intentionally exercised control in such a way as to interfere with Kopko's rights and converted the property of Kopko.

## COUNT THREE
## Edward E. Kopko v. Victory Capital
## VIOLATION OF NEW YORK STATE CPLR § 5205

33. All of the allegations contained herein are incorporated.

34. Victory Capital violated Kopko's right established by CPLR § 5202 to have the SEP free from restraint.

## COUNT FOUR
## Edward E. Kopko v. Victory Capital
## VIOLATION OF THE SECURITIES EXCHANGE ACT

35. All of the allegations contained herein are incorporated.

36. Victory Capital violated the Act, 15 U.S.C. §§ 80a-2, 80a-22 by restraining the SEP and refusing to redeem the SEP after demand.

## COUNT FIVE
## Edward E. Kopko v. Victory Capital
## DISGORGEMENT

37. All of the allegations contained herein are incorporated.

38. Victory Capital illegally profited from the restraint of the SEP and should disgorge all profits.

## COUNT SIX
## Edward E. Kopko v. Victory Capital
## PRIMA FACIE TORT

39. All of the allegations are incorporated.

40. Victory capital, without justification and solely to harm Kopko, intentionally restrained the SEP, causing Kopko to suffer financial loss.

WHEREFORE, Plaintiff, Edward E. Kopko, demands judgment against the Defendant, Victory Capital Management, Inc., including an award of:

   a. Monetary damages caused by the restraint;

   b. Disgorgement of profits; and

   c. Interest, costs, expenses, and attorney fees.

*[signature]*

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
308 North Tioga Street, 2nd Floor
Ithaca, New York 14850
T: 607.269.1300
Email: office@kopko.law